**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Erick Medina, | Case No. 2:24-cv-02413-JAD-DJA |
| Petitioner | **Order Granting Motion for Appointment of Counsel and Directing Service of Petition** |
| v. | |
| Terry Royal, et al., | [ECF Nos. 1-1, 1-2] |
| Respondents | |

Petitioner Erick Medina was convicted of six counts of lewdness with a child under 14 and child abuse, neglect, or endangerment after jury trial in Nevada's Eighth Judicial District Court for Clark County in 2020. He was sentenced to life in prison with the possibility of parole after ten years for each of the lewdness counts, with a concurrent 12–36 months for the remaining charge.[1] Medina brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge that conviction.[2] He has paid the filing fee and moves for appointed counsel.[3]

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[4] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably

---

[1] *State of Nevada v. Erick Medina*, C-19-342076-1. I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

[2] ECF No. 1-1.

[3] ECF No. 1-2.

[4] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

incredible, false, or plagued by procedural defects.[5]  Having completed a preliminary review of Medina's petition under Habeas Rule 4, I find that a response is warranted.  So I direct the Clerk of Court to docket it[6] and serve it on the respondents.[7]

Medina also moves the court to appoint an attorney to represent him in this habeas case.  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding,[8] but the court must appoint an attorney if (1) a case is so complex denying counsel would deny due process or (2) the petitioner's education is so limited that he is incapable of fairly presenting his claims.[9]  Although it is currently unclear just how complex Medina's legal issues are, appointment of counsel is in the interests of justice because of the severity of his life sentence.  So, to ensure due process, I grant the motion for counsel.

IT IS THEREFORE ORDERED that the motion for appointment of counsel **(ECF No. 1-2) is granted**. **The Federal Public Defender for the District of Nevada (FPD) is provisionally appointed to represent Petitioner Erick Alexander Medina** and has 30 days to (1) undertake direct representation of Medina by filing a notice of appearance or (2) indicate the office's inability to represent Medina in these proceedings.  Once counsel has entered an appearance, the

---

[5] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[6] Because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, preferably in a motion to amend his petition to add the claim.

[7] ECF Nos. 1-1, 1-2.

[8] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[9] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

court will issue a scheduling order that will, among other things, set a deadline for counsel to file an amended petition.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to:**

- FILE the Petition for Writ of Habeas Corpus (ECF No. 1-1),
- ADD Nevada Attorney General Aaron Ford as counsel for respondents,
- SERVE electronically a copy of the petition (ECF No. 1-1), this order, and all other items previously filed in this case on respondents' counsel by regenerating the notices of electronic filing, and
- SEND a copy of this order to the Federal Public Defender, Medina, and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that **respondents' counsel must enter a notice of appearance within 21 days of entry of this order.**

Dated: January 23, 2025

_____
U.S. District Judge Jennifer A. Dorsey