**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Erick Medina,

     Petitioner

v.

Terry Royal,

     Respondent

Case No. 2:24-cv-02413-JAD-DJA

**Order Denying Motion to Dismiss
and Directing Respondents
to File their Answer by April 24, 2026**

**[ECF No. 27]**

Counseled petitioner Erick Medina, who is challenging his 2020 Nevada state-court convictions, has filed a second-amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Respondents move to dismiss grounds 1, 3, and 5–10 as unexhausted, procedurally barred, not cognizable in federal habeas, or the second-amended petition.[2]  I deny the motion and instruct the respondents to answer the second-amended petition by April 24, 2026.

## Background

Following a jury trial, Medina was convicted of six counts of lewdness with a child under the age of 14 and one count of child abuse, neglect or endangerment.[3]  He was sentenced to concurrent terms of ten years to life in prison.[4]  Medina appealed, and the Nevada Supreme

---

[1] ECF No. 18.

[2] ECF No. 27.

[3] ECF No. 21-40.

[4] *Id*.

Court affirmed.[5]  Medina petitioned the state court for post-conviction relief.[6]  The state court denied Medina's petition.[7]  Medina appealed, and the Nevada Court of Appeals affirmed.[8]

Medina commenced this action by filing a *pro se* federal habeas petition.[9]  I appointed counsel for Medina, Medina filed a protective first-amended petition, and, following approval from this Court, Medina filed a second-amended petition.[10]  Respondents now move to dismiss that second-amended petition, Medina opposes the motion, and the respondents filed a reply.[11]

## Discussion

**I.    Grounds 3 and 10 are exhausted, and the court will defer the question of whether Medina can overcome technical exhaustion of grounds 5, 6, 7, 8, and 9 until the merits phase.**

Respondents argue that grounds 3, 5, 6, 7, 8, 9, and 10 are unexhausted.[12]  Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[13]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state

---

[5] ECF No. 13-2.

[6] ECF No. 13-3.

[7] ECF No. 22-26.

[8] ECF No. 13-6.

[9] ECF No. 6.

[10] ECF Nos. 5, 9, 12, 18.

[11] ECF Nos. 27, 32, 33.

[12] ECF No. 27 at 4.

[13] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

2

collateral-review proceedings.[14]  To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[15] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[16]  A claim is only exhausted if the petitioner has presented the state court with the same operative facts and legal theory upon which his federal claim is based.[17]

### A.      Ground 3 is exhausted.

In ground 3, Medina alleges that (1) his trial counsel failed to object or move for a new trial based on the State's cross-examination of him about his decision to retain counsel and privileged conversations, and (2) his appellate counsel was ineffective for failing to raise a prosecutorial-misconduct claim on direct appeal about this improper cross-examination.[18] Respondents argue that Medina only argued before the state court that his trial counsel was ineffective for failing to object based on the prosecution's cross-examination of him, explaining that he did not allege trial counsel was ineffective for thereafter failing to move for a new trial.[19] Respondents also contend that Medina failed to support his appellate-counsel argument with any facts when he presented this claim to the state courts.[20]

---

[14] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[15] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[16] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[17] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[18] ECF No. 18 at 9.

[19] ECF No. 27 at 6.

[20] *Id.*

Medina responds that it is immaterial for purposes of assessing exhaustion that he did not fault his trial counsel for failing to move for a new trial (in addition to not objecting).[21] Medina's added argument that his trial counsel should have moved for a mistrial merely addressed the relief his trial counsel should have requested following his objection. The addition of this relief does not fundamentally alter the legal claim considered by the state courts. Respondents' second argument is belied by the record. Medina included several pages of factual support in his briefing to the state court and appellate court for his claim that his appellate counsel failed to raise a prosecutorial-misconduct claim on direct appeal.[22] Ground 3 is therefore exhausted.

**B.      The court defers a *Martinez* analysis on grounds 5, 6, 7, 8, and 9.**

Grounds 5, 6, 7, 8, and 9 are all ineffective-assistance-of-counsel claims.[23] Medina takes the position that these claims are technically exhausted but procedurally defaulted and that he can demonstrate cause and prejudice to overcome these procedural defaults under the U.S. Supreme Court's opinion in *Martinez v. Ryan*.[24] *Martinez* "forge[d] a new path for habeas counsel to use ineffectiveness of state [postconviction relief] counsel as a way to overcome procedural default in federal habeas proceedings."[25] It created a narrow exception to the general rule that errors of postconviction counsel cannot provide cause for a procedural default.[26]

---

[21] ECF No. 32 at 10.

[22] *See* ECF Nos. 13-4 at 28–33; 13-5 at 28–32.

[23] *See* ECF No. 18 at 15–21.

[24] ECF No. 32 at 11.

[25] *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012).

[26] *Martinez*, 566 U.S. at 16–17.

In most cases, the court has rejected petitioners' request for a claim to be treated as technically exhausted but procedural defaulted while also claiming that they could establish cause and prejudice or actual innocence to excuse that default.  On one hand, if a petitioner had an argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then the petitioner could not establish that "it is clear that the state court would hold the claim procedurally barred,"[27] and the ground would not be technically exhausted.  On the other hand, if a petitioner had no arguments for cause and prejudice or actual innocence, then the ground would be technically exhausted but also subject to dismissal as procedurally defaulted.

But when federal law recognizes a potential basis to excuse a procedural default and the Nevada state courts do not, then the petitioner can argue in federal court both that a ground is technically exhausted and that an excuse for the procedural default exists.  Ineffective-assistance-of-trial-counsel claims allow a petitioner to do that.  The High Court held in *Martinez* that ineffective assistance of state post-conviction counsel, or the lack of counsel in state post-conviction proceedings, might excuse a procedurally defaulted claim of ineffective assistance of trial counsel.  The petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the post-conviction proceedings were the initial review proceedings for the ineffective-assistance-of-trial-counsel claim; and (4) state law requires, or practically requires, that the claim be raised in the initial post-conviction proceedings.[28]

---

[27] *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).

[28] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

The Nevada Supreme Court has declined to recognize *Martinez* as cause to overcome a state-law procedural bar.[29]  So a Nevada habeas petitioner who can rely on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Medina relies on *Martinez* to overcome the procedural defaults of grounds 5, 6, 7, 8, and 9.  It does not appear from the current briefing that he has other potentially viable bases for demonstrating cause and prejudice that might be recognized by the state courts, which would preclude a finding of technical exhaustion.  I find that a cause-and-prejudice analysis under *Martinez* for grounds 5, 6, 7, 8, and 9 is appropriate here, but I will wait to undertake one until after the parties have answered and replied, addressing the claims on their merits.  That way, I will have the benefit of analyzing all of Medina's claims against a fully developed factual and legal backdrop.[30]

### C.    Ground 10 is exhausted.

In ground 10, Medina alleges that the cumulative effect of the errors alleged in grounds 2 through 4 deprived him of his federal constitutional rights.[31]  Respondents argue that ground 10 is unexhausted because it contains ground 3.[32]  Because I find ground 3 to be exhausted, I find that ground 10 is also exhausted.

---

[29] *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

[30] I emphasize that I take this action on the premise that Medina has a potentially viable argument for cause and prejudice based on *Martinez*—and only *Martinez*.  If Medina offers other cause-and-prejudice arguments, I will return to a procedural posture where the next step instead is dictated by *Rose v. Lundy*, 455 U.S. 509 (1982), and its progeny.

[31] ECF No. 18 at 24.

[32] ECF No. 27 at 8.

## II.     The factual basis for ground 1 was before the Nevada Supreme Court.

Respondents argue that Medina failed to develop the factual basis for ground 1, so the Court should dismiss ground 1 or strike the new evidence.[33]  They explain that Medina makes specific factual allegations concerning emails he sent to the victim's sister, but those emails were not part of the record considered by the Nevada Supreme Court when it decided this claim.[34] Medina rebuts that these emails were part of the record, explaining that they were marked as proposed defense exhibits at his trial and that although they were not initially included within his appellate appendix, they were supplemented thereto before the appellate court addressed the merits of this claim.[35]

The emails were recorded as "Deft.'s Proposed Exhibit #F1" at trial.[36]  Medina moved to supplement his appendix on appeal to include "Defense Proposed Exhibit F1."[37]  The Nevada Supreme Court granted the motion.[38]  Because the emails were before the Nevada Supreme Court, I deny the motion to dismiss ground 1 or strike the emails.

## III.     Ground 10 is cognizable in federal habeas.

As their final point, respondents argue that Medina's cumulative error claim (ground 10) is not cognizable in federal habeas.[39]  AEDPA "places limitations on a federal court's power to

---

[33] *Id*. at 9.

[34] *Id*. at 10.

[35] ECF No. 32 at 23.

[36] *See* ECF No. 19-1.

[37] ECF No. 22-8.

[38] ECF No. 22-9.

[39] ECF No. 27 at 10.

7

grant a state prisoner's federal habeas petition."[40]  When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States.[41]  Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas.[42]

This court follows the Court of Appeals for the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process."[43]  For that reason, I find that ground 10 is cognizable.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 27] is DENIED:**

- Grounds 3 and 10 are exhausted;

- Grounds 5, 6, 7, 8, and 9 are technically exhausted but procedurally defaulted and consideration of cause and prejudice under *Martinez* to overcome these procedural defaults is deferred until after the filing of an answer and reply;

- The factual basis of ground 1 has been properly developed; and

- Ground 10 is cognizable.

[40] *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

[41] 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

[42] *McGuire*, 502 U.S. at 68.

[43] *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007).

IT IS FURTHER ORDERED that respondents must file their answer to the second-amended petition by April 24, 2026.  Medina will then have 30 days to file his reply.

Dated: February 26, 2026

_____
U.S. District Judge Jennifer A. Dorsey